## 9040

### GARNER v. WESTERN UNION TELEGRAPH CO.

#### (84 S. E. 829.)

##### TELEGRAMS.   DELIVERY.   USE OF POSTAL AGENCIES.

1. TELEGRAPHS AND TELEPHONES—DELAY IN DELIVERY—DIRECTIONS—DELIVERY BY MAIL.—The addressing of a telegram to the addressee "R. F. D. 1," is a direction to the telegraph company to use the mail for its delivery, and the company is not liable for delay thereby occasioned.

2. TELEGRAPHS AND TELEPHONES—DELAY IN DELIVERY—DIRECTIONS—DELIVERY BY MAIL.—The fact that the company attempted to make a personal delivery, but failed to do so, did not render it liable if the delivery by mail was not thereby delayed.

Before SEASE, J., Union, Summer term, 1914.   Affirmed.

Action by Almond Garner against Western Union Telegraph Company.   From judgment for defendant, plaintiff appeals.   The facts are stated in the opinion.

*Messrs. Barron & Barron,* for appellant, submit: *Delay is evidence of negligence:* 82 S. C. 87; 73 S. C. 379.   *Question for jury:* 91 S. C. 340; 76 S. C. 273.

*Mr. John Gary Evans,* for respondent, submits: *This is governed by rule in 91 S. C. 340:* See also, 123 S. W. 311; 92 S. C. 213; 84 S. C. 1; 48 S. E. 653; 133 N. C. 603; 45 S. E. 938; 37 Cyc. 1683; Jones on Tel. & T. Cas., sec. 290; Joyce Elec. Law, sec. 751; 131 N. C. 355; 90 S. W. 58.

FOOTNOTE.—See note to *Hinson v. W. U. Tel. Co.,* Ann. Cas., 1914a, 115

March 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for failure to promptly deliver the following telegram:

"August 20th, 1913.
"To Almond Garner, R. F. D. 1, Union, S. C.:

"Grandma Woods died this afternoon; funeral tomorrow afternoon 4:30.          (Signed)    D. B. CAMERON."

The record shows that the telegram was delivered to the defendant at Durham, N. C., at 5:40, received at Union at 6:13; that after some effort to deliver it personally it was mailed to plaintiff at 7:40 and received by him at about 11 o'clock on the 21st, but too late to enable him to attend the funeral.

This action was brought for negligence and wilfulness. At the close of the evidence the defendant moved for the direction of a verdict on the ground that the sender had chosen the United States postal authorities as his agents of delivery, and there was no evidence of any negligence or wilfulness or any failure on the part of the defendant to promptly deliver the telegram to the postal authorities.

His Honor, Judge Sease, granted the motion and directed a verdict in favor of the defendant. From the judgment on the verdict so directed the plaintiff appealed on several exceptions, but states in his argument that there is only one question, and that is, was there any evidence to carry the case to the jury?

The appellant claims that it was a question of fact as to whether the sender of the telegram had chosen the postal authorities as agents of delivery, and that question should have been submitted to the jury. This case cannot be distinguished from *Hinson* v. *Telegraph Co.,* 91 S. C. 338, 74 S. E. 338, Ann. Cas. 1914a, 114, where the telegram read:

"Charlotte, N. C., 16 May, 1909.
"Blanche Hinson, Lancaster, S. C., Route No. 1, care Bill
   Vick:
"Mrs. Yarborough died at 8:30 p. m.
                                        "C. P. DEAL."

In the Hinson case there was testimony that the sender was informed that the Lancaster office would be closed, as it was Sunday, and he then directed it to be mailed.

In this case the sender testified:

"Q. You then directed the telegram to be sent to R. F. D.? A. That is the way it is directed. * * * Q. Then, Mr. Cameron, if the telegram was sent to R. F. D. it was in accordance with your instructions as shown on the face of the telegram? A. Yes, sir."

Route No. 1 may, or may not, mean postal route. R. F. D. has only one meaning. In the Hinson case the doubtful address was supplemented by extrinsic evidence. Here the explicit directions were simply confirmed. Appellant claims that inasmuch as the respondent undertook to make personal delivery it is to be punished for its failure. The defendant was not required to make personal delivery, and unless it caused injury by those efforts, it is not responsible.

The judgment is affirmed.